By the Court,

Savage, Ch. J.
The defendant relies upon the point, that the affidavit upon which the charge of perjury is founded not being drawn pursuant to the statute, is not such a material or necessary proceeding as to be the subject of perjury. By the revised statutes, persons shall be adjudged guilty of perjury, as follows : Every person who shall wilfully and corruptly swear, testify or affirm falsely, to any material matter upon any oath, affirmation or declaration legally administered, 1. In any matter, cause or proceeding depending in any court of law or equity, or before any officer thereof; 2. In any case where an oath or affirmation is required by law, or is necessary for the prosecution or defence of any private right, or for the ends of public justice ; 3. In any matter or proceeding *before any tribunal or officer created by the constitution or by-law, or where any oath ma)r be lawfully required by any judicial, executive or administrative officer. By the article which treats of the commencement of suits, and the service and return of process in justices’ courts, the justice is authorized to issue a warrant, 1. When the defendant is a non-resident of the county; 2. When the plaintiff is a non-resident, and tenders security for any sum which may be adjudged against him; 3. Where it shall appear to the satisfaction of *143 the justice by the affidavit of the applicant or of any other witness, that the person against whom such warrant is desired, is about to depart from the county with intent not to return thereto; and 4. Where the defendant is an inhabitant of the county, having a family, or a freeholder of the same county, and it shall in like manner appear, to the satisfaction of the justice, that the plaintiff will be in danger of losing his debt or demand unless such warrant be granted. 2 R. S. 228, § 17. The 19th section also declares that in the cases last mentioned, the person applying for a warrant, shall, by affidavit, state the facts and circumstances within his knowlege, showing the grounds of his application, whereby a justice may the better judge of the necessity and propriety of issuing such warrant. This was clearly a case where an affidavit was required by law for the prosecution of a private right, and where of course, if the party making the affidavit swore falsely, he would be guilty of perjury, if the facts sworn to were material. Among the facts and circumstances necessary to enable the justice to determine whether a warrant should be issued, it was very material for the justice to know whether the plaintiff had any cause of action against the defendant which was cognizable in a justice’s court. The affidavit asserts that fact; and should the plaintiff be indicted for perjury, and the fact thus sworn to disproved by sufficient testimony, he would undoubtedly be convicted. The question then would be, not whether the affidavit was sufficient to authorize the justice regularly to issue a warrant; not whether the proceedings of the justice were regular, but whether the fact sworn to was material. Had the affidavit contained the facts that Silas Butler was about to leave the county, not to *return, or any other facts and circumstances (not the opinion of the plaintiff) showing that the plaintiff would be in danger of losing his debt or demand unless a warrant should be granted, there could be no doubt of the materiality of the whole affidavit. But the materiality of each fact must be judged of by itself, not by its connection with other facts ; the proceedings of the justice might perhaps be set aside, because the affidavit did not contain sufficient facts and circumstances to authorize the issuing of the warrant, but still the party making the affidavit would be responsible for any wilful falsehood contained in it which was material. The affidavit was made before an officer authorized by law to administer the oath, and in a proceeding where the fact sworn to was material; and if false, the crime of perjury was committed. In this view of the subject, the several counts of the declaration are good, and the demurrer cannot be sustained.
Judgment for plaintiff on demurrer, with leave to defendant to plead on payment of costs.